IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC.<br>1101 Connecticut Ave. NW, Ste. 450<br>Washington, DC 20036<br><br>     Plaintiff,<br> v.<br><br>NATIONAL SECURITY AGENCY,<br>9800 Savage Road<br>Fort Meade, MD 20755,<br><br>CENTRAL INTELLIGENCE AGENCY,<br>Washington, D.C. 20505,<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br>Washington, DC 20511,<br><br>     Defendants | **COMPLAINT**<br><br>1:22-cv-1812 |

## Introduction

1. This Freedom of Information Act (FOIA) suit seeks records from Defendants the National Security Agency, the Central Intelligence Agency, the United States Department of Justice, and the Office of the Director of National Intelligence. *See* 5 U.S.C. § 552. These records and the information they contain are necessary to answer a question of national significance: Whether government agencies are purchasing the private data of American lawmakers.

2. To answer this pressing question more fully, the Project for Privacy and Surveillance Accountability, Inc. ("PPSA"), the Plaintiff in this action, requested records under FOIA as early as July 26, 2021. But it has not received a substantive response from any of the four agencies as required by law. PPSA brings suit to compel that response.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff PPSA is a Delaware non-profit corporation with its principal place of business in Washington, DC. As part of its mission, PPSA advocates for greater privacy and civil liberty protections from government surveillance programs, and seeks to hold such programs accountable to constitutional and statutory limitations.

6. Defendant National Security Agency (NSA) is an agency within the Department of Defense. The NSA has possession, custody, and control of records to which Plaintiff seeks access.

7. Defendant Central Intelligence Agency (CIA) is an agency of the Executive Branch. The CIA has possession, custody, and control of records to which Plaintiff seeks access.

8. Defendant the Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. The Department has possession, custody, and control of records to which Plaintiff seeks access. Additionally, the Federal Bureau of Investigation (FBI) is an agency within Defendant the DOJ. The FBI has possession, custody, and control of records to which Plaintiff seeks access.

9. Defendant the Office of the Director of National Intelligence (ODNI) is, as its name suggests, the office of the Director of National Intelligence. The Director is a cabinet-level position. The ODNI has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

10. FOIA requires federal agencies, including Defendants, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552 (a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

11. Plaintiff's requests in this case concern the Defendants' use of data brokers to purchase Americans' private information without meaningful judicial oversight and in circumvention of other Fourth Amendment protections. The Fourth Amendment is Not For Sale Act (the "Act")—legislation intended to curtail such

practices—has been introduced in both the United States Senate and House of Representatives.

### Plaintiff's efforts to obtain records via FOIA

12.   Plaintiff has attempted to obtain records from each of the Defendants—and the Federal Bureau of Investigation, a part of Defendant Department of Justice—via FOIA. As described more fully below, Plaintiff sought records from all Defendants on the purchasing of information relating to any of the following current and former members of congressional judiciary committees:

- Rep. Jerrold Nadler
- Rep. Mary Gay Scanlon
- Rep. Zoe Lofgren
- Rep. Sheila Jackson Lee
- Rep. Steve Cohen
- Rep. Henry C. "Hank" Johnson
- Rep. Theodore E. Deutch
- Rep. Karen Bass
- Rep. Hakeem Jeffries
- Rep. David N. Cicilline
- Rep. Eric Swalwell
- Rep. Ted Lieu
- Rep. Jamie Raskin
- Rep. Pramila Jayapal
- Rep. Val Butler Demings
- Rep. J. Luis Correa
- Rep. Sylvia R. Garcia
- Rep. Joe Neguse
- Rep. Lucy McBath
- Rep. Greg Stanton
- Rep. Madeleine Dean
- Rep. Veronica Escobar
- Rep. Steve Chabot
- Rep. Louie Gohmert
- Rep. Jim Jordan
- Rep. Ken Buck
- Rep. Matt Gaetz
- Rep. Mike Johnson

- Rep. Andy Biggs
- Rep. Tom McClintock
- Rep. Debbie Lesko
- Rep. Guy Reschenthaler
- Rep. Ben Cline
- Rep. Kelly Armstrong
- Rep. W. Gregory Steube
- Rep. John Rutherford
- Rep. Mark Amodei
- Rep. Judy Chu
- Rep. Scott Peters
- Rep. Bobby Scott
- Rep. Maxine Waters
- Rep. Michael Quigley
- Rep. Linda Sanchez
- Rep. Adam Schiff
- Rep. Mondaire Jones
- Rep. Deborah K. Ross
- Rep. Cori Bush
- Rep. Tom Tiffany
- Rep. Thomas Massie
- Rep. Chip Roy
- Rep. Dan Bishop
- Rep. Michelle Fischbach
- Rep. Victoria Spartz
- Rep. Scott Fitzgerald
- Rep. Cliff Bentz
- Rep. Burgess Owens
- Former Rep. Bob Goodlatte
- Former Rep. Lamar S. Smith
- Former Rep. Darrell Issa
- Former Rep. Steve King
- Former Rep. Ted Poe
- Former Rep. Tom Marino
- Former Rep. Trey Gowdy
- Former Rep. Raul Labrador
- Former Rep. Ron DeSantis
- Former Rep. Karen Handel
- Former Rep. Keith Rothfus
- Former Rep. Luis Gutierrez
- Former Rep. Randy Forbes
- Former Rep. Trent Franks
- Former Rep. Jason Chaffetz
- Former Rep. Blake Farenthold

5

- Former Rep. Mimi Walters
- Former Rep. Dave Trott
- Former Rep. Mike Bishop
- Former Rep. John Conyers
- Former Rep. Pedro Pierluisi
- Former Rep. Howard Coble
- Former Rep. Elton Gallegly
- Former Rep. Dan Lungren
- Former Vice President and Former Rep. Mike Pence
- Former Rep. Timothy Griffin
- Former Rep. Dennis A. Ross
- Former Rep. Sandy Adams
- Former Rep. Ben Quayle
- Former Rep. Howard Berman
- Former Rep. Mel Watt
- Former Rep. Jared Polis
- Former Rep. Rick Boucher
- Former Rep. Bill Delahunt
- Sen. and Former Rep. Tammy Baldwin
- Former Rep. Charlie Gonzalez
- Former Rep. Anthony Weiner
- Former Rep. Dan Maffei
- Former Rep. Tom Rooney
- Former Rep. Gregg Harper
- Former Rep. Spencer Bachus
- Former Rep. Suzan DelBene
- Former Rep. Joe Garcia
- Former Rep. Cedric Richmon
- Former Rep. Debbie Mucarsel-Powell
- Former Rep. Doug Collins
- Former Rep. F. James Sensenbrenner
- Former Rep. John Ratcliffe
- Former Rep. Martha Roby
- Former Rep. George Holding
- Sen. Lindsey Graham
- Sen. Dianne Feinstein
- Sen. Chuck Grassley
- Sen. Patrick Leahy
- Sen. John Cornyn
- Sen. Dick Durbin
- Sen. Michael S. Lee
- Sen. Sheldon Whitehouse
- Sen. Ted Cruz
- Sen. Amy Klobuchar

- Sen. Ben Sasse
- Sen. Christopher A. Coons
- Sen. Joshua D. Hawley
- Sen. Richard Blumenthal
- Sen. Thom Tillis
- Sen. Mazie Hirono
- Sen. Joni Ernst
- Sen. Cory Booker
- Sen. Mike Crapo
- Sen. John Kennedy
- Sen. Marsha Blackburn
- Sen. Chuck Schumer
- Sen. Ron Wyden
- Sen. Alex Padilla
- Sen. Jon Ossoff
- Vice President and Former Sen. Kamala Harris
- Former Sen. Orrin Hatch
- Former Sen. Jeff Flake
- Former Sen. Al Franken
- Former Sen. Jeff Sessions
- Former Sen. David Vitter
- Former Sen. Herb Kohl
- Former Sen. Tom Coburn
- Former Sen. Jon Kyl
- Former Sen. Ben Cardin
- Former Sen. Russ Feingold
- Former Sen. Ted Kaufman
- Former Sen. Arlen Specter
- Former Sen. David Perdue

**National Security Agency**

13. By letter dated July 26, 2021, attached to this complaint as Exhibit A, Plaintiff sent a FOIA request to Defendant NSA's FOIA office. The letter requested any information Defendant may have regarding the U.S. intelligence community's purchasing of information regarding members of congressional judicial committees. Accordingly, the letter requested:

> **All documents, reports, memoranda, or communications regarding the obtaining, by any element of the intelligence community from a**

7

> **third party in exchange for anything of value, of any covered customer or subscriber record or any illegitimately obtained information regarding any person listed below:**
>
> **<list of names in Paragraph 12, *supra*>**

The request encompassed records either created, altered, sent, or received between January 1, 2008 and July 26, 2021, and adopted the Act's definitions for the following terms: "covered customer or subscriber record"; "illegitimately obtained information"; "intelligence community"; "obtain in exchange for anything of value"; and "third party".

14. By letter dated August 20, 2021, the NSA advised Plaintiff that its FOIA request (assigned tracking number 112526) had been denied, issuing a so-called Glomar response under FOIA Exemptions 1 and 3. (Exhibit B).

15. Plaintiff timely appealed on November 18, 2021. (Exhibit C). By letter dated January 12, 2022 (Exhibit D)—more than twenty business days after receipt of PPSA's appeal—the NSA denied the appeal. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies. *See Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 59 (D.C. Cir. 1987) (agency's failure to respond to administrative appeal within statutory deadline resulted in constructive exhaustion at that time, despite subsequent disposition of that appeal).

16. As of the date of this complaint, the NSA has failed to produce the requested records or demonstrate, on appeal, that the requested records are lawfully exempt from production.

17. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the NSA has wrongfully withheld them.

**Central Intelligence Agency**

18. By letter dated July 26, 2021, attached to this complaint as Exhibit E, Plaintiff sent a FOIA request to Defendant CIA's FOIA office. The letter requested any information Defendant may have regarding the U.S. intelligence community's purchasing of information regarding members of congressional judicial committees. Accordingly, the letter requested:

> **All documents, reports, memoranda, or communications regarding the obtaining, by any element of the intelligence community from a third party in exchange for anything of value, of any covered customer or subscriber record or any illegitimately obtained information regarding any person listed below:**
>
> **<list of names in Paragraph 12, *supra*>**

The request encompassed records either created, altered, sent, or received between January 1, 2008 and July 26, 2021, and adopted the Act's definitions for the following terms: "covered customer or subscriber record"; "illegitimately obtained information"; "intelligence community"; "obtain in exchange for anything of value"; and "third party".

19. By letter dated August 13, 2021, the CIA advised Plaintiff that its FOIA request (assigned tracking number F-2021-02145) had been denied, issuing a so-called Glomar response under FOIA Exemptions 1 and 3. (Exhibit F).

20. Plaintiff timely appealed on November 11, 2021. (Exhibit G). To date, the CIA has not responded to that appeal. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5

U.S.C. § 552(a)(6)(C), which require the CIA to respond to an appeal within twenty business days, Plaintiff has exhausted the applicable administrative remedies.

21. As of the date of this complaint, the CIA has failed to produce the requested records or demonstrate, on appeal, that the requested records are lawfully exempt from production.

22. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552 (a)(3)(A), but the CIA has wrongfully withheld them.

### U.S. Department of Justice

23. By letter dated July 26, 2021, attached to this complaint as Exhibit H, Plaintiff sent a FOIA request to Defendant DOJ's FOIA office. The letter requested any information Defendant may have regarding the U.S. intelligence community's purchasing of information regarding members of congressional judicial committees. Accordingly, the letter requested:

> **All documents, reports, memoranda, or communications regarding the obtaining, by any element of the intelligence community from a third party in exchange for anything of value, of any covered customer or subscriber record or any illegitimately obtained information regarding any person listed below:**
>
> **<list of names in Paragraph 12, *supra*>**

The request encompassed records either created, altered, sent, or received between January 1, 2008 and July 26, 2021, and adopted the Act's definitions for the following terms: "covered customer or subscriber record"; "illegitimately obtained information"; "intelligence community"; "obtain in exchange for anything of value"; and "third party". The request stated that it was directed specifically at the following units and/or divisions within the DOJ: FBI, National Security Division (NSD), Office of

Information Policy (OIP), Office of the Attorney General, Office of the Deputy Attorney General, and Office of Legislative Affairs.

24. By letter dated August 24, 2021 (Exhibit I), the DOJ advised Plaintiff that its FOIA request had been received and forwarded to "the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records." The letter advised that all future inquiries concerning the status of PPSA's request should be directed to the OIP, the NSD, and the FBI.

25. By letter dated September 21, 2021 (Exhibit J), the OIP advised Plaintiff that the OIP had received Plaintiff's request. To date, Plaintiff has received no further response from the OIP.

26. By letter dated September 24, 2021 (Exhibit K), the FBI advised Plaintiff that the FBI had received Plaintiff's request. Then, by letter dated September 28, 2021, the FBI advised Plaintiff that its FOIA request (assigned tracking number 1505066-000) had been denied, issuing a so-called Glomar response under FOIA Exemptions 1, 3, 6, 7(C) and 7(E). (Exhibit L).

27. Plaintiff timely appealed its request to the FBI on December 27, 2021. (Exhibit M). By letter dated December 29, 2021, the DOJ acknowledged receipt of that appeal on December 27, 2021. (Exhibit N). By letter dated June 3, 2022 (Exhibit O)—more than twenty business days after receipt of PPSA's appeal—the DOJ denied the appeal. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies. *See Spannaus*, 824 F.2d at 59

(agency's failure to respond to administrative appeal within statutory deadline resulted in constructive exhaustion at that time, despite subsequent disposition of that appeal).

28. As of the date of this complaint, the FBI has failed to produce the requested records or demonstrate, on appeal, that the requested records are lawfully exempt from production.

29. Other than as described above, no DOJ component has responded to Plaintiff's FOIA request.

30. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552 (a)(3)(A), but the DOJ has wrongfully withheld them.

### Office of Director of National Intelligence

31. On July 26, 2021, Plaintiff sent a letter, attached to this complaint as Exhibit P, to Defendant ODNI's FOIA office. The letter requested any information Defendant may have regarding the U.S. intelligence community's purchasing of information regarding members of congressional judicial committees. Accordingly, the letter requested:

> **All documents, reports, memoranda, or communications regarding the obtaining, by any element of the intelligence community from a third party in exchange for anything of value, of any covered customer or subscriber record or any illegitimately obtained information regarding any person listed below:**
>
> **<list of names in Paragraph 12, *supra*>**

The request encompassed records either created, altered, sent, or received between January 1, 2008 and July 26, 2021, and adopted the Act's definitions for the following terms: "covered customer or subscriber record"; "illegitimately obtained information";

12

"intelligence community"; "obtain in exchange for anything of value"; and "third party".

32. By letter dated August 13, 2021, the ODNI advised Plaintiff that its FOIA request (assigned tracking number DF-2021-00314) had been denied, issuing a so-called Glomar response under FOIA Exemptions 1 and 3. (Exhibit Q).

33. Plaintiff timely appealed on November 11, 2021. (Exhibit R). To date, the ODNI has not responded to that appeal. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), which require the ODNI to respond to an appeal within twenty business days, Plaintiff has exhausted the applicable administrative remedies.

34. As of the date of this complaint, the ODNI has failed to produce the requested records or demonstrate, on appeal, that the requested records are lawfully exempt from production.

35. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552 (a)(3)(A), but the ODNI has wrongfully withheld them.

## Count One: Freedom of Information Act

### Defendants are required to disclose all non-exempt records responsive to Plaintiff's Freedom of Information Act requests

36. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

37. Each of the Defendants is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

38. By four letters dated July 26, 2021, Plaintiff submitted FOIA requests to NSA, CIA, DOJ, and ODNI. The DOJ forwarded Plaintiff's FOIA request to several of its components, including the FBI and OIP.

39. To date, neither the NSA, CIA, ODNI, DOJ, nor any DOJ component has conducted a search reasonably likely to locate responsive records.

40. Plaintiff has exhausted its administrative remedies, having submitted administrative appeals of the NSA, CIA, FBI, and ODNI denials of Plaintiff's requests, which none of the Defendants resolved within twenty business days.

41. The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

42. Defendants' failures to release responsive non-exempt records violate FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA, 28 C.F.R. § 16.1, *et seq*.

43. Plaintiff is entitled to receive all responsive non-exempt records from Defendants forthwith.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A. Order Defendants to conduct searches immediately for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests.

B. Order Defendants to produce, by dates certain, any and all non-exempt records to Plaintiff's FOIA requests, and *Vaughn* indices of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

D. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Gene C. Schaerr
GENE C. SCHAERR (D.C. Bar No. 416368)
  *Counsel of Record*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

SCOTT GOODWIN (D.C. Bar No. 1742881)
PROJECT FOR PRIVACY AND SURVEILLANCE
ACCOUNTABILITY, LLC
1101 Connecticut Avenue NW, Suite 450
Washington, DC 20036
*Counsel for Plaintiff*